An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEX MENENDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62021

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon, grand larceny of a firearm, and grand larceny. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant argues that the district court erred by allowing a police detective to opine that appellant committed burglary and that a subsequent curative instruction did not remedy the error. Near the end of his testimony, Detective Aaron Lee stated that he was positive that appellant was one of two individuals who burglarized the victims' residence. The district court overruled appellant's objection to the statement but later struck it and instructed the jury to disregard it. The district court further advised the jury that whether appellant committed burglary was "solely and exclusively" a question to be determined during deliberations.

Although the challenged testimony was inadmissible, *see* NRS 48.035(1) ("Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury."); NRS 50.265 (lay

SUPREME COURT
OF
NEVADA

(O) 1947A

13 -17413

witness' opinion testimony limited to opinions or inferences that are "[r]ationally based on the perception of the witness; and [h]elpful to a clear understanding of the testimony of the witness or the determination of a fact in issue"); we conclude that any error was harmless, *see* NRS 178.598; *Kotteakos v. United States*, 328 U.S. 750, 776 (1946) (stating that test for review of nonconstitutional trial error is whether it "had substantial and injurious effect or influence in determining the jury's verdict"); *Knipes v. State*, 124 Nev. 927, 935, 192 P.3d 1178, 1183 (2008), considering the substantial evidence pointing to appellant's guilt, including his admission to entering the victims' home and taking property and the discovery of some of the stolen property in appellant's residence. We further conclude that the district court's curative instruction to the jury was sufficient to remedy any prejudice from the error. *See Miller v. State*, 121 Nev. 92, 99, 110 P.3d 53, 58 (2005) (explaining that instructing jury to disregard improper statements remedies any potential for prejudice); *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (court presumes that jurors followed instructions). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Hawkins, Boley & Aldabbagh
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

